**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOE MYERESS, | |
| Plaintiff, | **CASE NO.:** |
| v. | |
| DANCECLASS, LLC, | |
| Defendant. | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff JOE MYERESS by and through his undersigned counsel, brings this Complaint against Defendant DANCECLASS, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff JOE MYERESS ("MYERESS"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Myeress' original copyrighted works of authorship.

2.      Our client is an experienced professional photographer who makes a living from photography.  Myeress is an experienced professional photographer who previously served in The United States NAVY as a photographer for 5 years.  Myeress was 1 of 10 chosen military photographers to photograph President George H. Bush's Inauguration, and his images of this event have become part of the National Archives. Myeress also photographed the Summit at the White House between President George Bush and President Mikhail Gorbachev of the Soviet Union.

3.      Defendant DANCECLASS, LLC ("Danceclass") is a dance company for amateurs and professions that perform at NBA, WNBA, and NHL games throughout the United States.

4.      Myeress alleges that Danceclass copied Myeress' copyrighted Work from the internet in order to advertise, market and promote its business activities.  Danceclass committed the violations alleged in connection with Danceclass' business for purposes of advertising and promoting sales to the public in the course and scope of the Danceclass' business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Defendant is subject to personal jurisdiction in New York.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9.      Danceclass, LLC is a New York limited liability company, with its principal place of business at Olga Nesterova, 3234 44th Street, Apt. 2R, Astoria, NY 11103, and can be served by serving its Registered Agent, Ms. Olga Nesterova, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10.     In 2009, Myeress created a photograph entitled "aaa_nite," which is shown below and referred to herein as the "Work".



11.   At the time Myeress created the Work, Myeress applied copyright management information to the Work consisting of the word "Joe Myeress Photography" with a camera icon in the bottom right corner of the Work.

12.   Myeress registered the Work with the Register of Copyrights on April 8, 2015 and was assigned the registration number VA 1-955-450.  The Certificate of Registration is attached hereto as Exhibit 1.

13.   At all relevant times Myeress was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANT**

14.   Danceclass has never been licensed to use the Work at issue in this action for any purpose.

15.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Danceclass copied the Work.

16.     Danceclass copied Myeress' copyrighted Work without Myeress' permission.

17.     After Danceclass copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its professional and amateur dance company business.

18.     Danceclass copied and distributed Myeress' copyrighted Work in connection with Danceclass' business for purposes of advertising and promoting Danceclass' business, and in the course and scope of advertising and selling products and services.

19.     Myeress's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20.     Danceclass committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21.     Myeress never gave Danceclass permission or authority to copy, distribute or display the Work at issue in this case.

22.     When Danceclass copied and displayed the Work at issue in this case, Danceclass removed Myeress' copyright management information from the Work.

23.     Myeress never gave Danceclass permission or authority to remove copyright management information from the Work at issue in this case.

<u>COUNT I</u>
**COPYRIGHT INFRINGEMENT**

24.     Plaintiff incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Myeress owns a valid copyright in the Work at issue in this case.

**SRIPLAW**
125 Maiden Lane, Suite 5C, New York, NY 10038

26.     Myeress registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

27.     Danceclass copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Myeress' authorization in violation of 17 U.S.C. § 501.

28.     Danceclass performed the acts alleged in the course and scope of its business activities.

29.     Danceclass's acts were willful.

30.     Myeress has been damaged.

31.     The harm caused to Myeress has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

32.     Plaintiff incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

33.     The Work at issue in this case contains copyright management information ("CMI").

34.     Danceclass knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

35.     Danceclass committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Myeress' rights in the Work at issue in this action protected under the Copyright Act.

36.     Danceclass caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Myeress' rights in the Work at issue in this action protected under the Copyright Act.

37.     Myeress has been damaged.

38.     The harm caused to Myeress has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Danceclass, LLC that:

a.      Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.      Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c.      Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 11, 2019                    Respectfully submitted,

*/s/  Joseph A Dunne*
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JONAH A. GROSSBARDT (JG5854)
jonah.grossbardt@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C

New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Joe Myeress*

**SRIPLAW**
125 MAIDEN LANE, SUITE 5C, NEW YORK, NY  10038